**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.  06-cv-00683-LTB-BNB

QFA ROYALTIES LLC and
QIP HOLDER LLC,

      Plaintiffs,

vs.

SANJAY PATEL and
MOKSHA PATEL,

      Defendants.
_____

AGREED PERMANENT INJUNCTION
_____

On this date, the Court considered the above-entitled and numbered cause of action between Plaintiffs QFA Royalties LLC and QIP Holder LLC ("QIP") (collectively "Quizno's") and Defendants Sanjay Patel and Moksha Patel ("Defendants").  Upon stipulation between Quizno's and Defendants the Court hereby **GRANTS** the parties' Agreed Permanent Injunction Order.

**THE PARTIES HEREBY STIPULATE AS FOLLOWS:**

1. This action arises out of a written Franchise Agreement entered into by and between Defendants Sanjay Patel and Moksha Patel ("Defendants").  Pursuant to the Franchise Agreement, Defendants were granted the right, subject to the terms and conditions of the Franchise Agreement, to operate Quiznos Subs Restaurant No. 1549 located at 9210 Highway 6 South, Suite A, Houston, Texas 77083 (the "Restaurant").

2. Venue is proper in the United States District Court for the District of Colorado as provided in paragraph 21.1 of the Franchise Agreement.

3. Quizno's alleges that Defendants failed to comply with the lawful provisions of the Franchise Agreement and that Defendants failed and refused to cure their defaults; that Quizno's terminated the Franchise Agreement, consistent with the express terms of the written Franchise Agreement; that following termination Defendants were required, *inter alia*, with respect to Restaurant No. 1549 to cease operating as Quizno's franchisees and identifying themselves as Quizno's franchisees, to cease using Quizno's Marks, trade secrets, trade dress, signs, symbols and trade names, to de-identify the former restaurant by removing the Quizno's Marks, trade dress, signs and symbols and to refrain from operating a competing deli-type restaurant from the former location of Restaurant No. 1549 or within five miles of that or any other Quizno's sub restaurant location.

4. Quizno's further alleges that notwithstanding the termination of the Franchise Agreement and Quizno's demand that Defendants cease using Quizno's trademarks and service marks, Defendants and their agents continued to hold themselves out to the public as authorized franchisees of Quizno's, passing off the restaurant as being sponsored by, affiliated with, or endorsed by Quizno's.  In particular, Quizno's alleges that Defendants and their agents were using the Quizno's Marks, trade secrets, trade dress, signs, symbols and trade names in connection with the operation of a competing deli-type restaurant at the same location as the former Quizno's Restaurant No. 1549, and that Defendants and their agents used Quizno's confidential and proprietary information by selling to the public food using Quizno's recipes, sauces and products.

5.	The Parties stipulate that Defendants have closed Restaurant No. 1549 and that the Franchise Agreement relating to that Restaurant has been terminated.

6.	In order to avoid the cost, expense and time involved in litigating these issues, Defendants have agreed to the entry of this Agreed Permanent Injunction against them.

7.	Defendants hereby waive any and all claims that this permanent injunction was improperly entered.

8.	Accordingly, Defendants agree not to own or operate any competing business, as defined in the Franchise Agreement, at the location of Defendants' former Quizno's Restaurant No. 1549, or any location within 5 miles of a Quizno's sub restaurant for a period of two years, to cease using Quizno's proprietary Marks, trade secrets, trade dress, signs, symbols and trade names.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

Defendants, their agents, servants and employees, and those people in active concert or participation with them are enjoined from:

1.	Using Quizno's Marks or any trademark, service mark, logo or trade name that is confusingly similar to Quizno's Marks;

   a..	Otherwise infringing on Quizno's Marks or using any similar designation, alone or in combination with any other components;

   b.	Passing off any of their products or services as those of Quizno's or its authorized franchisees;

   c.	Causing a likelihood of confusion or misunderstanding as to the source or sponsorship of their businesses, products or services;

        d.      Causing a likelihood of confusion or misunderstanding as to their affiliation, connection or association with Quizno's and its franchisees or any of Quizno's products or services; and

        e.      Unfairly competing with Quizno's or its franchisees in any manner.

2.    Defendants are enjoined from having any direct or indirect interest in any submarine, hoagie, hero-type and/or deli-style sandwich restaurant located or operating within a five (5) mile radius of their former Quizno's Restaurant No. 1549 located at 9210 Highway 6 South, Suite A, Houston, Texas 77083, or within a five (5) mile radius of any other Quizno's Restaurant.

3.    Defendants shall return all labels, signs, prints, packages, wrappers, receptacles, uniforms, logo items, and advertisements in the possession of Defendants, their affiliates, subsidiaries, officers, agents, servants and employees, and those people in active concert or participation with them bearing Quizno's Marks, and all plates, molds, and other means of making the same used in connection with Defendants' former Quizno's Restaurant No. 1549, if any, all at Defendants' cost.

4.    Defendants shall eliminate their advertising under Quizno's Marks or any other confusingly similar designations from all media including, but not limited to, newspapers, flyers, coupons, promotions, signs, menus, telephone books, telephone directory assistance listings and mass mailings used in connection with Defendants' former Quizno's Restaurant No. 1549, all at Defendants' cost.

5.    Defendants shall perform their contractual post-termination obligations as set forth in this Agreement and shall:

      a.      Take any and all necessary steps to cancel and/or transfer to Quizno's any telephone numbers associated with Quizno's Marks used in connection with the operation of Defendants' former Quizno's Restaurant No. 1549; and

      b.      Return to Quizno's all operating manuals and other materials provided to Defendants in connection with the operation of their former Quizno's Restaurant No. 1549, and all materials bearing any of Quizno's Marks.

6.      Defendants shall file with the Court and serve upon Quizno's counsel within thirty (30) days after entry of this Order, a written report, under oath, setting forth in detail the manner in which it has complied with this Order.

AGREED TO this 8th day of May, 2006:

| | |
|---|---|
| s/ Leonard H. MacPhee<br>Leonard H. MacPhee<br>Attorney for Plaintiffs<br>Perkins Coie, LLP<br>1899 Wynkoop Street, Suite 700<br>Denver, CO 80202<br>Telephone: 303-291-2300<br>Facsimile: 303-291-2400<br>lmacphee@perkinscoie.com | s/ Sanjay Patel<br>Sanjay Patel<br>Defendant<br><br><br><br>s/ Moksha Patel<br>Moksha Patel<br>Defendant |

SO ORDERED this  9th  day of  May , 2006.

                                    BY THE COURT:

                                    s/Lewis T. Babcock
                                    United States District Judge